### 31572. STATE ETHICS COMMISSION et al. v. McDOWELL.

GUNTER, Justice.

This appeal involves the issue of the constitutionality or unconstitutionality of a portion of Georgia's

"Campaign and Financial Disclosure Act". In 1975, the General Assembly amended the Act so as to provide limitations on amounts that could be expended in certain political campaigns. Code Ann. § 40-3808.1.

Following the decision by the Supreme Court of the United States in Buckley v. Valeo, 424 U. S. 1 (96 SC 612, 46 LE2d 659), counsel for the State Ethics Commission advised it that, in light of that decision, the commission should not attempt to enforce the campaign expenditure limitations contained in the Act. The commission announced that it would not attempt to enforce the expenditure limitations, and the complainant-appellee brought an action in the trial court against the commission and its individual members that sought a judgment declaring the expenditure limitations constitutional and requiring the commission to enforce the expenditure limitations fixed by statute. By responsive pleadings, the individual members of the commission sought a judgment declaring the expenditure limitations unconstitutional. The trial judge ruled in favor of the complainant-appellee, and the commission members have appealed.

The statutory provision in question here (Code Ann. § 40-3808.1) places a limitation on the total amount a candidate "may expend from his personal funds and from contributions made in furtherance of his political campaign, personally and through his campaign committee." In Buckley v. Valeo, supra, the United States Supreme Court said that such limitations "place substantial and direct restrictions on the ability of candidates, citizens, and associations to engage in protected political expression, restrictions that the First Amendment cannot tolerate." 424 U. S. 58. And that court concluded its opinion: "In summary, we sustain the individual contribution limits, the disclosure and reporting provisions, and the public financing scheme. We conclude, however, that the limitations on campaign expenditures, on independent expenditures by individuals and groups, and on expenditures by a candidate from his personal funds are constitutionally infirm." 424 U. S. 143.

The Georgia Act is no different from the Federal Act

in this First Amendment area, and the over-all expenditure limitations in the Georgia Act are unconstitutional.

The position on this issue asserted by the members of the State Ethics Commission was correct, and the judgment below must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 12, 1976 — DECIDED JANUARY 4, 1977.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., Assistant Attorney General,* for appellants.